IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

CHRISTOPHER L. MARTIN,     )
               )
     Petitioner,     )
vs.              )     Case No. 3:12-cv-3696-JHH-TMP
               )
STAT4E OF ALABAMA and the     )
ATTORNEY GENERAL OF     )
THE STATE OF ALABAMA,     )
               )
     Respondents.     )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an action filed by an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of the conviction he received in the Circuit Court of Colbert County, Alabama, on January 30, 2007, on a charge of attempted murder. The petitioner, Christopher L. Martin, filed his *pro se* petition for writ of *habeas corpus* on October 23, 2012.[1] He is incarcerated at the Easterling Correctional Facility in Clio, Alabama. In accordance with the usual practices of this court and 28 U.S.C. § 636(b), the matter was referred to the undersigned magistrate judge for a preliminary review and recommendation.

---

1     Although the petition was filed in this court on October 25, 2012, it was signed and dated by petitioner on October 23, 2012. Under the "prison mailbox rule," the motion is deemed filed on the day it was signed and delivered to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). Thus, it is the date on which the petition was signed that the court recognizes as the filing date.

## PROCEDURAL HISTORY

On January 30, 2007, petitioner was found guilty after a jury trial of one count of attempted murder.  He was sentenced on March 12, 2007, to life imprisonment.  He was represented at trial and sentencing by B.T. Gardner, Jr.

He filed a direct appeal, and was represented on appeal by Lindsey Mussleman Davis. Petitioner raised the following claims in the Alabama Court of Criminal Appeals: (1) that the trial court abused its discretion in denying his Batson motion; (2) that the trial court abused its discretion in denying his motion for new trial; (3) that his sentence was disproportionate; and (4) that the trial court erred by admitting into evidence the recording of the 911 call made by the victim.   The Alabama Court of Criminal Appeals affirmed the conviction and sentence in a memorandum dated August 22, 2008.  Petitioner sought re-hearing, which was overruled on September 12, 2008. Petitioner sought review in the Alabama Supreme Court, and his petition for writ of *certiorari* was denied on March 13, 2009.  A certificate of judgment was issued the same day.

Petitioner sought post-conviction relief pursuant to Alabama Rule of Criminal Procedure 32 by filing a *pro se* petition in the trial court on or about December 28, 2009.  He raised the following claims of ineffective assistance of counsel: (1) trial counsel failed to object to the prosecutor's use of a peremptory challenge to exclude an African-American venire member; (2) trial counsel failed to object to the court striking venire member S.D.H.; (3) trial counsel failed to object to the trial court's failure to administer the oath of service to the jury venire; (4) trial counsel failed to "exercise due diligence during his voir dire examination" to determine if the jurors were properly qualified; (5) trial counsel failed to object to the trial court's failure to instruct the jury on voluntary

2

intoxication; (6) trial counsel failed to object to the imposition of the sentence without the allocution required by Alabama Rules of Criminal Procedure; and (7) trial counsel failed to object to the indictment on grounds that it failed to meet the requirements of Alabama Code § 15-8-70.[2]   The trial court denied the petition on February 25, 2011.  Martin appealed, and the Alabama Court of Criminal Appeals remanded with directions that the trial court conduct a hearing or accept evidence relating to several of the claims and to enter specific findings of fact.  On December 7, 2011, the Colbert County Circuit Court entered an order to comply with the remand directions.  On return to remand, the Alabama Court of Criminal Appeals affirmed the denial by unpublished memorandum opinion dated August 10, 2012.  Martin sought rehearing on August 27, 2012, which was denied on September 14, 2012.  On October 3, 2012, Martin filed a petition for writ of *certiorari* in the Supreme Court of Alabama.[3]  (Doc. 7-22).  On October 5, 2012, the Alabama Supreme Court dismissed the petition as untimely filed.  (Doc. 7-24).  In doing so, the Alabama Supreme Court's order read as follows:

> IT IS ORDERED that the petition for writ of certiorari is dismissed as untimely filed. Rule 39(c)(2), Alabama Rules of Appellate Procedure, states that the petition for writ of certiorari shall be filed with the Supreme Court within 14 days (2 weeks) of the decision of the Court of Criminal Appeals on the application for rehearing.  The Court of Criminal Appeals overruled your application for rehearing on September 14, 2012.  Your petition for writ of certiorari was due to be filed in this

---

2   None of petitioner's Rule 32 claims alleged ineffectiveness by appellate counsel; all expressly alleged ineffectiveness only by trial counsel.

3    The court notes that the October 3 date is the date on the petition for *certiorari*'s certificate of service.  Thus, without deciding the question, it appears the Alabama Supreme Court gave petitioner the benefit of the "prison mailbox rule" by deeming the petition for *certiorari* to be filed on the date he delivered it to prison officials for mailing, not the later date it was received at the court.

Court on or before September 28, 2012.  Your petition for writ of certiorari is untimely filed on October 3, 2012.  The Alabama Supreme Court may not enlarge the time for filing a petition for writ of certiorari except in cases in which the death penalty has been imposed.  See Rules 2(b) & (c) and 26(b), Ala. Rules of Appellate Procedure.

(Doc. 7-24).  On October 10, he filed a motion "to reinstate the petition as timely," asking the court to accept his petition, and asserting that the law library was closed on September 27-30, 2012, that the law library was closed on Sundays and Mondays, and that mail was not sent to or received from the prison on Saturdays or Sundays.  On October 12, 2012, the Supreme Court denied his motion to reinstate the petition.

Petitioner filed the instant *pro se* petition for writ of *habeas corpus* on October 25, 2012.  He alleges that he received ineffective assistance of trial counsel in that his attorney: (1) failed to object to the prosecutor's use of a peremptory challenge to exclude an African-American venire member; (2) failed to object to the court striking a venire member over petitioner's objections; (3) failed to object to the trial court's failure to administer the oath to the jury venire; (4) failed to "exercise due diligence during his voir dire examination" to determine if the jurors were properly qualified; and (5) failed to object to the trial court's failure to instruct the jury on voluntary intoxication.  Pursuant to this court's order to show cause, the respondents filed an answer on January 7, 2013, supported by exhibits.  On March 29, 2013, the parties were notified that the petition would be considered for summary disposition, and the petitioner was notified of the provisions and consequences of this procedure under Rule 8 of the Rules Governing Section 2254 Cases.  Petitioner filed a response on April 15, 2013.

## DISCUSSION

### A.  Exhaustion and Procedural Default

The respondents assert that all of the petitioner's claims are due to be dismissed as procedurally defaulted because the claims of ineffective assistance of counsel alleged here were never presented in a timely petition for writ of *certiorari* to the Alabama Supreme Court.  The United States Supreme Court has determined that failure to pursue such discretionary review precludes this court from examining the petitioner's claims on the merits.  O'Sullivan v. Boerckel, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).  It is well settled that before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court.  Exhaustion requires the state prisoner to give the state courts a full and fair opportunity to act on his claims before he presents them to a federal court through a *habeas* petition.  Boerckel, 119 S. Ct. at 1731; 28 U.S.C. § 2254(b)(1).  The question of which state remedies must be invoked in order to satisfy the exhaustion requirement, which had been the subject of a conflict in the federal courts of appeals, was definitively settled by the Supreme Court in Boerckel.

In Boerckel the court examined the *habeas* petition of an Illinois state prisoner who had appealed his claims to the Appellate Court of Illinois, but had failed to seek *certiorari* to the Illinois Supreme Court.  Id.  The court examined the language of § 2254(c), which requires the prisoner to present his claims to any state court in which "he has the right under the law of the State to raise, by any available procedure, the question presented."  Id. at 1732.  Because Illinois had established a two-tiered appellate review system in which prisoners have the right to present their claims to the highest court, albeit through a discretionary review procedure, the court found that the prisoner could

not assert that review in the Illinois Supreme Court was "unavailable" to him.  Id. at 1732-33.

Similarly, Alabama offers a two-tiered system of appellate review.  As in Illinois, access to the

higher court of the state is available only at the court's discretion.  However, just as in Boerckel, the

petitioner in the instant case has offered no explanation as to why this review was "unavailable" to

him.  Consequently, in keeping with the requirement made clear in Boerckel, a petitioner seeking

habeas review in federal court must first file a petition for discretionary review with the Alabama

Supreme Court.  See id. at 1733.

The Eleventh Circuit Court of Appeals has applied the Boerckel ruling and has explained its

similarity to the case at bar.  In Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), the appellate

court noted:

> The teeth of the exhaustion requirement comes from its handmaiden, the procedural
> default doctrine.  If the petitioner has failed to exhaust state remedies that are no
> longer available, that failure is a procedural default which will bar federal habeas
> relief, unless either the cause and prejudice or the fundamental miscarriage of justice
> exception is established.  Id. at 848-49, 119 S. Ct. at 1734; see also Coleman v.
> Thompson, 501 U.S. 722, 750-51, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640 (1991).
> That is what happened to Boerckel.  He actually did file a state discretionary review
> petition, but he left out of it three of the federal constitutional issues that he later
> included in his federal habeas petition.  Boerckel, 526 U.S. at 840-42, 119 S. Ct. at
> 1730-31.  By the time Boerckel got to federal habeas, it was too late for him to go
> back and include those three issues in the long-since denied petition for discretionary
> review he had filed with the supreme court.  What Boerckel's failure to take full
> advantage of his state discretionary review remedies meant, the Supreme Court held,
> is that he had failed to exhaust his state remedies as to those three federal
> constitutional issues, and his failure to exhaust had matured into a procedural default
> as soon as the once available remedy was closed.  Id. at 848, 119 S. Ct. at 1734.

Smith, 256 F. 3d at 1138.

6

The petitioner at bar failed to file any *timely* petition for discretionary review with respect to his claims during the Rule 32 proceedings.  Petitioner's untimely petition for writ of *certiorari* was effectively the same as no petition at all, as the Alabama Supreme Court concluded it had no jurisdiction to consider the untimely petition.   There is no dispute that the opportunity to seek the discretionary review no longer is available to the petitioner.   As a result, petitioner's failure to present the claims he now asserts in this court to the Alabama Supreme Court in a timely fashion resulted in a procedural default of those claims.  See Boerckel, 119 S. Ct. at 1734.  Accordingly, the claims are due to be dismissed as procedurally defaulted.

**B.  Cause and Prejudice**

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating it in a federal *habeas corpus* proceeding unless he can show adequate "cause" for and "actual prejudice" from the default.[4]  Wilson v. Jones, 902 F.2d 923, 925 (11th Cir. 1990); Engle v. Isaac, 456 U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982); Wainwright v. Sykes, 433 U.S. 71, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).  The "cause and prejudice" test of Engle v. Isaac and Wainwright v. Sykes is in the conjunctive; therefore, petitioner must prove both cause and prejudice.  The United States Supreme Court summarized the "cause" standard in the following manner:

> In Wainwright v. Sykes, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of Francis v. Henderson, supra, for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court.  The Sykes Court did not elaborate upon this requirement, but rather left open "for resolution in

---

4    Petitioner has not attempted to argue that the "fundamental miscarriage of justice" exception to procedural default applies.  To do so, he must allege facts showing him to be "actually innocent" of the charge of conviction.  He has not attempted to do so.

future decisions the precise definition of the `cause-and -prejudice' standard." 433 U.S. at 87.  Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause.  In Reed v. Ross, 468 U.S. 1 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, id. at 13-14, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." Id. at 14.  The Court later elaborated upon Ross and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).  We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... would constitute cause under this standard." Ibid.  (Citations omitted.)

Amadeo v. Zant, 486 U.S. 214, 221-22, 108 S. Ct. 1771, 100 L. Ed. 2d 249 (1988).

The petitioner also must demonstrate that he was prejudiced; he must show "not merely that the errors ... created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982)(emphasis in original).  A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." Smith v. Murray, 477 U.S. 527, 537-38, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986) (quoting, respectively, Engle, 456 U.S. at 135, and Murray, 477 U.S. at 496).

The petitioner argues in his response (Doc. 11) that he was prevented from timely filing his petition for writ of certiorari in the Alabama Supreme Court because the law library at the facility where he was imprisoned was closed, denying him access to legal assistance for some of the days before his filing was due in the state supreme court.  He also contends that the prison did not send

or receive inmate mail on Saturdays or Sundays.  Specifically, petitioner asserts that the law library was closed on every Sunday and Monday in September 2012, and on September 27-30.  Petitioner's application for rehearing was denied on September 14, 2012, which was a Friday. Pursuant to Alabama Rule of Appellate Procedure 39(c)(2), petitioner had 14 days in which to file his petition for the writ of *certiorari*, making his petition due on September 28, 2012, which also was a Friday.

Courts have held that a *habeas* petitioner's lack of access to the law library can constitute "cause" only where the lack of access is extraordinary and only where the petitioner specifies what materials he needed but could not get because of the lack of access to a law library.  A prisoner's constitutional right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).  When the lack of access to a library is so extreme that it may be deemed a lack of access to the courts, it may be imputed to the state and may constitute cause to excuse a procedural default.  Lamp v. Iowa, 122 F.3d 1100, 1105 (8th Cir. 1997).  However, a prisoner's access to legal assistance need not be perfect or complete, but only "meaningful." 122 F. 3d 1105.  There is no constitutional right to unlimited access to a prison law library or legal assistance.  Entzi v. Redmann, 485 F.3d 998, 1005 (8th Cir. 2007), cert. denied, 552 U.S. 1285 (2008).  Furthermore, a petitioner is required to "explain why the lack of access to the library hindered his case." Williams v. Buss, 538 F.3d 683, 686 (7th Cir. 2008).  See also Magee v. Waters, 810 F.2d 451 (4th Cir.1987) (actual injury required of city jail inmate who received books after delay and was allowed one hour of library time a week); Warren v. Norris, 2010 WL 2038025 *5 (E.D.

Ark. 2010)(petitioner's allegations that he had only a limited amount of time to access the library was not sufficient showing of cause).

According to petitioner's allegations, the law library at the St. Clair Correctional Facility was open on eight of the 14 days between the time his application for rehearing was denied and the date that his *certiorari* petition was due to be filed.[5]  Petitioner does not allege that he was diligently working on the petition during the days that the library was open, nor does he allege that he did not know that the library was going to be closed on those six days.   He does not describe any research or legal assistance that could have been done if the library had been open on those days, and that could not have been done n the eight days that the library was open.  The very nature of  a *certiorari* review, in which the only issues that can be raised are those already researched, argued, and raised in the court below, leads to a conclusion that the bulk of the research and writing had already been completed long before the petition became necessary.  In addition, the only days that petitioner asserts mail was not sent out were Saturdays and Sundays.  Because the petition was due on Friday, September 28, and petitioner does not dispute that mail was posted on Fridays, any allegations relating to the mail are irrelevant to a showing of "cause."  He could have timely posted his petition on September 28.

---

5       Petitioner asserts that the library was closed every Sunday and Monday during the month, and that it also was closed on Thursday, September 27, and on Friday, September 28, the last day on which a timely petition for writ of *certiorari* could be filed.

## RECOMMENDATION

Accordingly, for the reasons stated above, the magistrate judge hereby RECOMMENDS that the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 be DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed. 2d 933 (1986); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district

judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the prisoner.

DATED this 22nd day of November, 2013.


T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE